UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CRIMINAL ACTION NO.  7:19-CR-13-KKC-1

UNITED STATES OF AMERICA,  PLAINTIFF,

V.  **RECOMMENDED DISPOSITION**

ALLAN RAY COLLINS,  DEFENDANT.

The defendant, Allan Ray Collins, appeared before the undersigned on October 8, 2021, for a final revocation hearing on charges of violating supervised release.  At the final hearing, the defendant was present and represented by counsel.  He expressed his desire to stipulate to the violations and, as a result, was placed under oath and advised of all applicable rights, including the right to remain silent, to the assistance of counsel, and to a final hearing.  In addition, he was advised of the charges against him and all possible penalties, including the recommended guideline range and the applicable statutory punishment.  Then, in the presence of and with the advice of counsel, he admitted to violating the following conditions as charged in a knowing, intelligent, and voluntary way:

Violation #1

> **Mandatory Condition No. 3**: **You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.**

On September 28, 2021, during a home visit, Collins admitted to the use of methamphetamine. Collins signed an admission form noting the same. Additionally, a drug test was administered via instant testing device revealing positive results for amphetamine and methamphetamine. When the officer discussed with Collins the potential need for inpatient substance abuse treatment he responded, "it is the same as jail." **This is a Grade C Violation**.

Violation #2

**<u>Mandatory Condition No. 1</u>: You must not commit another federal, state or local crime.**

**<u>Mandatory Condition No. 2</u>: You must not unlawfully possess a controlled substance.**

Methamphetamine is a Schedule II Controlled Substance pursuant to the Controlled Substances Act. Due to the Sixth Circuit Court of Appeals' ruling that use is the equivalent of possession, simple possession of methamphetamine constitutes conduct in violation of Kentucky Revised Statute 218A.1415, a Class D Felony. **This is a Grade B Violation.**

## FACTUAL BACKGROUND

On October 18, 2017, Allan Ray Collins was sentenced to 18 months imprisonment, with a three (3) year term of supervised release to follow, after entering a plea of guilty to a violation of 8 U.S.C. § 1324(a)(1)(A)(ii), 1324(a)(1)(v)(I), and 1324(a)(1)(B)(i), Conspiracy to transport and move and attempt to transport and move within the United States by means of transportation and otherwise, an alien who had come to, entered, and remained in the United States in violation of law.

Collins states that on February 4, 2019, he was released from the Bureau of Prisons to begin service of his three (3) year term of supervised release, which was scheduled to expire on January 3, 2022. Since that time, he admits to having two failed drug screens, after testing positive for Suboxone on one occasion and Oxycodone on another.

His current violations then arose on September 28, 2021 when, during a home visit, Collins admitted to the use of methamphetamine. A drug test returned a positive result for amphetamine and methamphetamine. During the final hearing in this case, Collins admitted to use and possession of methamphetamine in violation of his conditions of release.

## **RECOMMENDED SENTENCE**

Due to the nature of his violations and his history of prior offense conduct, the United States argues that Collins' supervision should be revoked, and he should be sentenced to a within guidelines sentence of four months imprisonment with one year of supervision to follow. The Defendant asks for a sentence of four months with no supervised release to follow.

### I.

In determining the appropriate sentence in this case, the Court looks to the provisions of 18 U.S.C. § 3553(a), for guidance in recommending a sentence, properly calculated and imposed. The statute provides:

> The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The Court, in determining the sentence to be imposed, shall consider –
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed –
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentences and the sentencing ranges established...
> (5) any pertinent policy statement...
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. 3553(a).

## II.

In considering the nature and circumstances of the instant offenses and the Defendant's history and characteristics, the court finds the following particularly relevant.

Allan Collins is a 36-year-old male from Whitesburg, Kentucky, who reports a difficult childhood. He discontinued his education in the 11th grade and obtained a GED while in the custody of the Bureau of Prisons. He has had some training as a diesel mechanic and at one time possessed a commercial driver's license. He has had past employment in construction and as a truck driver.

He reports having previously been diagnosed with Bi-Polar disorder, Post Traumatic Stress Disorder and Borderline Psychosis and depression, and normally takes Lithium and Seroquil. His history of substance abuse began at an early age with marijuana, cocaine, alcohol, methamphetamine, and prescription opiates. He has a history of attending substance abuse treatment and was engaged in that treatment at the time of his arrest in this matter.

Mr. Collins has a criminal history score of zero, and criminal history category of I.

The supervised release report details offense conduct on two occasions, within one year of his release from incarceration, but no further violation conduct until September 28, 2021, the date of the instant violations.

## **III.**

The Court now turns to consideration of the next factors: the need for the sentence imposed under 18 U.S.C. 3553(a):

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

Clearly, Collins has a longstanding history of substance abuse, and although he has had substance abuse therapy and counselling, exhibits an inability to manage his addiction.

The most serious violation committed by Collins in this case is a Grade B Violation. Considering the severity of this violation in combination with his criminal history category of I, the United States Sentencing Guidelines recommend a sentence of imprisonment of 4-10 months. The maximum period of supervision under 18 U.S.C. § 3583(b)(2) is not more than three years, less any term of imprisonment imposed upon release.

In fashioning a recommendation in the case, the Court considers the information above, Collins' longstanding drug use and behavior, his prior violation conduct and the nature and circumstance of his current violations. Finally, the undersigned considers his criminal history category of I. Now, in order to satisfy the considerations of the controlling statute, the undersigned believes that revocation of supervision with a period of imprisonment with supervision to follow should be imposed. No action was taken on Collins' prior violations. Therefore, a period of incarceration of 4 months with 9 months of supervision to follow is significant and will satisfy the above-stated purposes, including acting as a deterrent to future criminal conduct and protecting the public from further crimes that he might be inclined to commit.

## **CONCLUSION**

As previously stated, that facts upon which the Court recommends finding that the Defendant committed the charged violations has been established by his own admission, and therefore has been proven by a preponderance of the evidence. Therefore,

   IT IS RECOMMENDED:

(1) That the Defendant be found guilty all charged violations;

(2) That his supervision be REVOKED;

(3) That Allan Collins be sentenced to a term of 4 months incarceration with 9 months of supervision to follow.

(4) That upon a waiver filed into the record **WITHIN FOURTEEN DAYS** evidencing Collins' knowing, intelligent and voluntary relinquishment of his right of allocution in this action, his supervision should be revoked, and he be sentenced; and

(5) If Collins desires to exercise his right of allocution, the matter should be scheduled for a final hearing before Judge Karen K. Caldwell for purposes of allocution and sentencing.

Specific objections to this Report and Recommendation must be filed within FOURTEEN (14) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749–50 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

Signed October 15, 2021.



Signed By:
*Edward B. Atkins*  ℰβA
**United States Magistrate Judge**